1    **WO**                                                                                      RP

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9

10   Michael P. McGuire, Jr.,              )    No. CV-05-68-PHX-DGC (JRI)
                                           )
11              Plaintiff,                 )    **ORDER**
                                           )
12   vs.                                   )
                                           )
13                                         )
     Joe Arpaio, et al.,                   )
14                                         )
                Defendants.                )
15                                         )
                                           )
16   _____   )

17

18          On January 6, 2005, Michael P. McGuire, Jr. (Plaintiff), presently confined in the

19   Maricopa County Towers Jail in Phoenix, Arizona (Towers Jail), filed with the Clerk of the

20   Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant

21   to 42 U.S.C. § 1983.[1]   Plaintiff did not pay the one hundred and fifty dollar ($150.00) filing

22   fee, but filed a certified "Application To Proceed In Forma Pauperis By A Prisoner Civil

23   (Non-Habeas)" (Application To Proceed) and an "Inmate Account Statement" (Account

24   Statement) with the Complaint.

25

26   _____

27          [1]When Plaintiff filed the Complaint, he was confined in the Maricopa County Madison Jail
     in Phoenix, Arizona (Madison Jail).

28   **TERMPSREF**                          - 1 -

1        By Order filed June 9, 2005 (Document #5), Plaintiff's Application to Proceed was

2   granted and Plaintiff was obligated to pay the one hundred and fifty dollar ($150.00)

3   statutory filing fee for this action.  Based on the average monthly deposits in Plaintiff's

4   account for three (3) months preceding the filing of the Complaint, an initial partial filing fee

5   of nine cents ($0.09) was assessed.

6        The Order also dismissed Defendants Joe Arpaio and Jail Commander at the Estrella

7   Jail from this action without prejudice, and dismissed Plaintiff's Complaint without

8   prejudice, with leave to amend.  Plaintiff was given thirty (30) days from the filing date of

9   the Order to file an amended complaint.

10        By separate Order filed June 9, 2005 (Document #4), the Maricopa County Sheriff or

11  his designee was required to send to the Clerk of the Court the initial partial filing fee, and

12  thereafter, payments from Plaintiff's trust account each time the amount in the account

13  exceeds ten dollars ($10.00), until the statutory filing fee of one hundred and fifty dollars

14  ($150.00) is paid in full.

15                   **STATUTORY SCREENING OF PRISONER COMPLAINTS**

16        The Court is required to screen complaints or amended complaints brought by

17  prisoners seeking relief against a governmental entity or officer or employee of a

18  governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion

19  thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to

20  state a claim upon which relief may be granted, or that seek monetary relief from a defendant

21  who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

22        The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust

23  any administrative remedy available to him.  42 U.S.C. § 1997e(a).

24                   **AMENDED COMPLAINT AND SCREENING ORDER**

25        On June 30, 2005, Plaintiff filed his "First Amended Complaint" (Document #6)

26  (Amended Complaint).  Plaintiff should take notice that all causes of action alleged in an

27  original complaint which are not alleged in an amended complaint are waived.  Hal Roach

28  Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading

1  supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).  Accordingly, the

2  Court will consider only those claims specifically asserted in Plaintiff's Amended Complaint.

3         Plaintiff alleges two (2) grounds in his Amended Complaint.  (Amended Complaint

4  at 4-5).  Named as Defendant in the Amended Complaint is Joseph M. Arpaio, Maricopa

5  County Sheriff.  (Amended Complaint at 1-2).  Plaintiff seeks compensatory and punitive

6  monetary damages, court costs and filing fees, and interest on any judgment.  (Amended

7  Complaint at 7).

8         In Count I of the Amended Complaint, Plaintiff claims that his Fourth, Eighth, and

9  Fourteenth Amendment rights were violated when he was placed in the general population

10  at the Maricopa County Estrella Jail (Estrella Jail), despite his request at screening not to be

11  placed around anyone who could covertly be known as a "skinhead" because his life would

12  be in danger.  (Amended Complaint at 4).  Plaintiff claims that he was physically assaulted

13  by two "skinhead members" at the Estrella Jail and lost two teeth in the attack, and that he

14  now has headaches, trouble eating and sleeping due to neck and back injuries, and an

15  overwhelming paranoia and anxiety of public places.  Id.

16         In Count II of the Amended Complaint, Plaintiff claims that his  Fourth, Eighth, and

17  Fourteenth Amendment rights were violated when he was not given any medication, or

18  scheduled for a follow-up visit to a doctor or psychiatrist, after he was initially seen by a

19  nurse for his injuries from the beating by the "skinheads." (Complaint at 5).  Plaintiff further

20  claims that when he was seen by a dentist almost seven (7) months later, he was only given

21  six (6) Tylenol pills for pain when the dentist pulled six (6) of this teeth at once.  Id.

22         Liberally construed, these allegations adequately state a claim for relief.  Accordingly,

23  Defendant Joseph M. Arpaio will be required to file an answer to the Complaint.

24                           **RULE 41(b) WARNING**

25         Plaintiff is warned that if he fails to timely comply with every provision of this Order,

26  or any order of the Court entered in this matter, the action will be dismissed pursuant to Rule

27  41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258 (9th

28  Cir.) (district court may dismiss action for failure to comply with any order of the court), cert.

**TERMPSREF**                              - 3 -

1   <u>denied</u>. 506 U.S. 915 (1992).

2   **IT IS THEREFORE ORDERED:**

3   (1)  That the Clerk of the Court is DIRECTED to send Plaintiff a service packet

4   including a copy of this Order, a copy of the Amended Complaint (Document #6), and both

5   a summons and request for waiver forms for Defendant Joseph Arpaio;

6   (2)  That Plaintiff SHALL COMPLETE AND RETURN the service packet to the

7   Clerk of the Court within twenty (20) days of the date of filing of this Order.  The United

8   States Marshal will not provide service of process if Plaintiff fails to comply with this Order;

9   (3)  That if Plaintiff does NOT either obtain a waiver of service of summons or

10  complete service of the summons and Amended Complaint on Defendant Joseph M. Arpaio

11  within one hundred and twenty (120) days of the date the Complaint was filed, or within

12  sixty (60) days of the filing of this Order, whichever is later, the ACTION MAY BE

13  DISMISSED as to Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure

14  and Rule 16.2(b)(2)(B)(i) of the Local Rules of Civil Procedure (LRCiv);

15  (4)  That the United States Marshal SHALL RETAIN the summons, a copy of the

16  Amended Complaint, and a copy of this Order for future use;

17  (5)  That the United States Marshal SHALL NOTIFY Defendant Joseph M. Arpaio

18  of the commencement of this action and REQUEST WAIVER OF SERVICE pursuant to

19  Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant shall include a

20  copy of this Order.  The Marshal shall file waivers of service of the summons or requests for

21  waivers that are returned as undeliverable as soon as they are received.  If a waiver of service

22  of summons is not returned by Defendant to the Marshall within thirty (30) days from the

23  date the request for waiver was sent by the Marshal, the Marshal shall:

24  (a) Personally serve copies of the summons, Amended Complaint (Document

25  #6), and this Order upon the Defendant pursuant to Rule 4(e)(2) of the

26  Federal Rules of Civil Procedure;

27  (b) Within ten (10) days after personal service is effected, file the return of

28  service for the Defendant, along with evidence of the attempt to secure a

**TERMPSREF**                                    - 4 -

1   waiver of service of the summons and of the costs subsequently incurred in

2   effecting service upon the Defendant.   The costs of service shall be

3   enumerated on the return of service form (USM-285) and shall include the

4   costs incurred by the Marshal for photocopying additional copies of the

5   summons, Amended Complaint, or this Order and for preparing new process

6   receipt and return forms (USM-285), if required.   Costs of service will be

7   taxed against the personally served Defendant pursuant to Rule 4(d)(2) and

8   (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the

9   Court;

10   (6)  **That if Defendant agrees to waive service of the summons and Amended**

11   **Complaint, he SHALL RETURN the signed waiver form to the United States Marshal,**

12   **not to Plaintiff**;

13   (7) That Defendant SHALL ANSWER the Amended Complaint or otherwise respond

14   by appropriate motion within the time provided by the applicable provisions of Rule 12(a)

15   of the Federal Rules of Civil Procedure;

16   (8)  That a clear, legible copy of every pleading or other document filed SHALL

17   ACCOMPANY each original pleading or other document filed with the Clerk for use by the

18   District Judge or Magistrate Judge to whom the case is assigned.  See LRCiv 5.4. **Failure**

19   **to submit a copy along with the original pleading or document will result in the**

20   **pleading or document being stricken without further notice to Plaintiff**;

21   (9)   That at all times during the pendency of this action, Plaintiff SHALL

22   IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address

23   and its effective date.   Such notice shall be captioned "NOTICE OF CHANGE OF

24   ADDRESS."  The notice shall contain only information pertaining to the change of address

25   and its effective date, except that if Plaintiff has been released from custody, the notice

26   should so indicate.  The notice shall not include any motions for any other relief.  Plaintiff

27   shall serve a copy of the notice on all opposing parties.  Failure to file a NOTICE OF

28   CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute

**TERMPSREF**                                                    - 5 -

1 | pursuant to Federal Rule of Civil Procedure 41(b);

2 |     (10)  That this matter is referred to Magistrate Judge Jay R. Irwin pursuant to LRCiv

3 | 72.1 and 72.2 for further proceedings.

4 |     DATED this 28th day of April, 2006.

David G. Campbell
United States District Judge